IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| AMCO Insurance Company,<br>a foreign corporation,<br><br>                      Plaintiff,<br><br>   vs.<br><br>Mike Lee, Vivian Tran, Brandon Bell,<br>Casey Bell, KDAK, LLC, and<br>Stacy R. Ward, a/k/a Stacy R. Knapp,<br>individually and as agent of KDAK, LLC,<br><br>                      Defendants. | **ORDER**<br><br>Case No. 1:17-cv-251 |

Before the Court is the Plaintiff AMCO Insurance Company's ("AMCO") motion for default judgment and summary judgment filed on October 9, 2018. See Doc. No. 16. Defendant KDAK, LLC ("KDAK") filed a response in opposition to the motion for summary judgment on October 30, 2018. See Doc. No. 18. AMCO filed a reply brief on November 13, 2018. See Doc. No. 21. For the reasons set forth below, the motion for default judgment is granted and the motion for summary judgment is denied.

## I.    BACKGROUND

This declaratory judgment action arises out of an insurance coverage dispute between AMCO and its insureds, Defendants Mike Lee and Vivian Tran, under a dwelling insurance policy issued to Lee and Tran by AMCO, Policy No. ADP00426731690. AMCO seeks a declaration that it is not required to defend or indemnify Lee and Tran in relation to a North Dakota state court civil action brought by Defendants Brandon Bell and Casey Bell. The Bells allege unprivileged entry by

1

Defendant Stacy Ward and others into certain residential rental property in Tioga, North Dakota, owned by Lee and Tran and rented by the Bells. KDAK provided property management services in relation to the rental property in question. Defendant Stacy Ward was an employee of KDAK. KDAK and Ward are not parties to the insurance policy issued to Lee and Tran by AMCO. KDAK, Ward, Lee, and Tran are all named defendants in the state court action. AMCO does not seek any relief from or against KDAK and Ward but has named them as they may be interested parties. KDAK is the only defendant to answer the complaint and has filed a frivolous action counterclaim along with its answer. AMCO seeks default judgment against Defendants Mike Lee, Vivian Tran, Brandon Bell, Casey Bell, and Stacy R. Ward a/k/a Stacy R. Knapp (collectively referred hereinafter as the "non-responsive Defendants") and summary judgment as to KDAK.

### III.   LEGAL DISCUSSION

#### A.   DEFAULT JUDGMENT

AMCO served a copy of the summons and complaint on each of the non-responsive Defendants between April 26, 2018, and July 24, 2018. See Doc. Nos. 3, 4, 5, and 10. Such service appears to be in compliance with Rule 4 of the Federal Rules of Civil Procedure. The non-responsive Defendants had twenty-one (21) days from the date of service to file an answer or otherwise file a responsive motion. See Fed. R. Civ. P. 12(a). To date, no answer has been filed nor any appearance made on behalf of the non-responsive Defendants. Having failed to defend or otherwise appear, entry of default was made by the Clerk of Court against the non-responsive Defendants, on September 25, 2018, as required by Rule 55(a) of the Federal Rules of Civil Procedure. See Docket No. 14.

The Plaintiff's complaint, motion for default judgment, and affidavits of Attorney Sean F. Marrin demonstrate that the non-responsive Defendants have failed to appear or respond to this action in any way. See Docket Nos. 1, 9, 12, and 16. Accordingly, the Court **GRANTS** motion for default judgment.

B.      **SUMMARY JUDGMENT**

AMCO seeks summary judgment as to KDAK. AMCO states it sued KDAK solely because KDAK is a defendant in the underlying state court action and is thus a party in interest whose presence was necessary. It is undisputed KDAK is not a party to the underlying insurance policy and claims no interest in the policy. Because KDAK is not a party to the insurance contract at issue, AMCO maintains it is entitled to summary judgment against KDAK declaring KDAK has no such interest.

KDAK is the only defendant to file an answer in response to AMCO's lawsuit. KDAK maintains AMCO's lawsuit against it is frivolous and has filed a counterclaim on this basis. It seeks dismissal of AMCO's lawsuit plus costs and attorney's fees. However, KDAK did not file a motion to dismiss.

The Court questions whether it was really necessary for AMCO to name KDAK as a defendant in this declaratory judgment action. However, KDAK was named in the underlying action as a defendant thus it is not outside the realm of possibility that KDAK could arguably claim an interest in the policy. KDAK has made it clear that it does not claim any interest in the policy. Having no interest in the policy, KDAK need not have responded to a complaint which sought no relief from it. In addition, KDAK could have easily filed a motion to dismiss rather than an answer.

3

Under these circumstances the Court cannot describe the complaint against KDAK as frivolous. However, the complaint seeks no relief against KDAK either, and on this basis the Court finds the complaint fails to state a claim against KDAK. Dismissal on this basis is warranted. AMCO certainly could have dismissed KDAK when counsel for KDAK contacted counsel for AMCO after the summons and complaint were served. Neither party is without fault they must bear their own costs and fees.

IV. **CONCLUSION**

For the reasons set forth above, AMCO's motion for default judgment is **GRANTED**. AMCO's motion for summary judgment is **DENIED**. AMCO's complaint against KDAK is **DISMISSED** for failure to state a claim upon which relief may be granted with both parties to bear their own costs and fees.

Pursuant to Rule 55(b), the Clerk of Court is directed to enter default judgment against Defendants Mike Lee, Vivian Tran, Brandon Bell, Casey Bell, and Stacy R. Ward a/k/a Stacy R. Knapp and in favor of AMCO Insurance Company as follows:

> The Court finds and declares that the AMCO insurance policy ADP00426731690, particularly the dwelling liability coverage, does not obligate AMCO to defend, indemnify or cover Mike Lee and/or Vivian Tran for any claims, relief and/or damages sought against them in the complaint brought by Brandon Bell and Casey Bell in the underlying state court action.

**IT IS SO ORDERED.**

Dated this 26th day of November, 2018.

>  /s/ Daniel L. Hovland
> Daniel L. Hovland, Chief Judge
> United States District Court